OPINION
{¶ 1} This matter is before the Court on the Notice of Appeal of Michael E. Flowers, filed May 23, 2005. On February 24, 2005 a Montgomery County Grand Jury indicted Flowers with one count of receiving stolen property, namely checks, in violation of R.C.2913.51, a felony of the fifth degree pursuant to R.C. 2913.71, and two counts of forgery, in violation of R.C. 2913.31(A)(3), a felony of the fifth degree. On April 21, 2005, Flowers pled guilty to one count of receiving stolen property and one count of forgery, and the State dismissed the second count of forgery. On May 5, 2005, the trial court sentenced Flowers to a prison term of nine months on each count to run concurrently.
 {¶ 2} Flowers first assignment of error is as follows:
 {¶ 3} "THE TRIAL COURT ERRED IN SENTENCING THE DEFENDANT TO PRISON WITHOUT MAKING INQUIRY OF THE DEFENDANT WITH REGARD TO THE SENTENCING AND BY NOT PROVIDING FINDINGS WITH REASONS FOR THE NINE (9) MONTH PRISON TERM IN ACCORDANCE WITH O.R.C. § 2929.19."
 {¶ 4} The State argued that Flowers failed to comply with App.R. 9(A); the State filed its brief herein on August 16, 2005, and Flowers did not submit to this Court a transcript of the sentencing hearing, as App.R. 9(A) requires, until November 14, 2005. Since the transcript of the proceedings herein is now before us, we will address the merits of Flowers' brief.
 {¶ 5} R.C. 2929.19(A)(1) provides that "[t]he court shall hold a sentencing hearing before imposing a sentence under this chapter upon an offender who was convicted of or pleaded guilty to a felony * * *. At the hearing, the offender * * * may present information relevant to the imposition of sentence in the case. The court shall inform the offender of the verdict of the jury or finding of the court and ask the offender whether the offender has anything to say as to why sentence should not be imposed upon the offender."
 {¶ 6} After thoroughly reviewing the transcript of Flowers' sentencing hearing, we agree that the trial court failed to ask Flowers, pursuant to R.C. 2929.19(A), if he had anything to say to the court as to why the court should not impose sentence upon him.
 {¶ 7} Flowers also argues that the sentencing court violated R.C. 2929.19(B)(2)(a), because "the Court never provided Defendant with a rationale or findings with reasons on the record to justify the sentence or explain the sentence's overriding purposes under R.C. 2929.11 nor R.C. 2929.13 factors that the court may have found related to the Defendant." R.C.2929.19(B)(2)(a) provides that "[t]he court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed * * * if it imposes a prison term for a felony of the fourth or fifth degree * * *." The Ohio Supreme Court recently declared R.C. 2929.19(B)(2), along with other parts of Ohio's felony sentencing scheme, unconstitutional because they require "judicial factfinding before imposition of a sentence greater than the maximum term authorized by a jury verdict or admission of the defendant." State v. Foster,
___ Ohio St.3d ___, 2006-Ohio-856, syllabus, p. 1, (citing Apprendiv. New Jersey (2000), 530 U.S. 466, 120 S. Ct. 2348,147 L.Ed.2d 435, and Blakely v. Washington (2004), 542 U.S. 296,124 S.Ct. 2531, 159 L.Ed.2d 403).
 {¶ 8} The Supreme Court severed R.C. 2929.19(B)(2) from Ohio's felony sentencing scheme. Id. "Severance is * * * the remedy that will best preserve the paramount goals of community safety and appropriate punishment and the major elements of our sentencing code. * * * Our remedy does not rewrite the statutes but leaves courts with full discretion to impose a prison term within the basic ranges * * * based upon a jury verdict or admission of the defendant without the mandated judicial findings that Blakely prohibits." Id.
 {¶ 9} Due to the sentencing court's failure to inquire of Flowers as to the imposition of sentence, we sustain Flower's first assignment of error in part. Also, in light of Foster, we remand this matter to the trial court for a new sentencing hearing. At the sentencing hearing, the trial court "shall consider those portions of the sentencing code that are unaffected by [Foster] and impose any sentence within the appropriate felony range."
 {¶ 10} Flowers' second assignment of error is as follows:
 {¶ 11} "THE TRIAL COURT ERRED IN SENTENCING THE DEFENDANT TO PRISON WITHOUT FIRST CONSIDERING IMPOSITION OF EITHER A FINE OR A COMMUNITY CONTROL SANCTION AS THE SOLE SANCTION IN ACCORDANCE WITH O.R.C. 2929.13(A)."
 {¶ 12} Our ruling on Flowers' first assignment of error renders moot this second assignment of error, as we are remanding this matter for a new sentencing hearing consistent withFoster.
 {¶ 13} We will address Flowers' third and fourth assignments of error together. They are as follows:
 {¶ 14} "THE TRIAL COURT ERRED IN CONVICTING AND SENTENCING DEFENDANT FOR FORGERY AND RECEIVING STOLEN PROPERTY BASED ON INSUFFICIENT EVIDENCE AS A MATTER OF LAW" and
 {¶ 15} "DEFENDANT'S CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE"
 {¶ 16} Flowers entered a guilty plea herein. "A guilty plea is a full admission that the defendant is, in fact and law, guilty of the offense alleged." State v. Brown (September 30, 1992), Montgomery App. No. 12949; Crim. R. 11(B). In entering his guilty plea, Flowers waived any claims that his conviction was not supported by sufficient evidence or was against the manifest weight of the evidence. Accordingly, Flowers' third and fourth assignments of error are overruled.
 {¶ 17} The sentence is reversed, and the matter is remanded for resentencing. In all other respects, the judgment of conviction will be affirmed.
Grady, P.J. and Wolff, J., concur.